

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 20, 2014**

_____

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| **NNN 3500 MAPLE 26, LLC**, *et al.*, | ) | |
| | ) | **Case No. 13-30402-HDH-11** |
| | ) | |
| Debtors | ) | **Jointly Administered** |
| | ) | |
| | ) | |
| | ) | |

**AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW AND
ORDER CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN**

Upon consideration of the *Debtors' Modified Joint Chapter 11 Plan*, dated November 18,

2014,  [Docket No. 1157] (as amended, modified, and/or supplemented from time to time, the

"Plan"),[1] filed by the above-captioned debtors and debtors in possession (collectively, the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

"Debtors");[2] and the Debtors having filed the *Disclosure Statement for Debtors' Joint Chapter 11 Plan*, dated July 24, 2013 [Docket No. 1009] (as amended by the *Amended Disclosure Statement for Debtors' Joint Chapter 11 Plan* [Docket No. 1012], the "Disclosure Statement"); and this Court having entered an Order dated August 29, 2014 [Docket No. 1013] (the "Disclosure Statement Order"), pursuant to which this Court, among other things, (i) approved the Disclosure Statement as having "adequate information" under section 1125 of the Bankruptcy Code, (ii) established October 21, 2014 as the date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (iii) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), (iv) established and approved procedures for soliciting and tabulating votes with respect to the Plan, (v) established October 10, 2014 at 5:00 p.m. (prevailing Central Time) as the deadline by which all objections to confirmation of the Plan must have been filed with this Court (the "Plan Objection Deadline"), and (vi) established October 10, 2014 at 5:00 p.m. (prevailing Central Time) as the deadline for parties to submit votes to accept or reject the Plan (the "Voting Deadline"); and upon the *Amended Certification and Declaration of Voting Agent Regarding Solicitation and Tabulation of Votes in Connection with the Debtors' Joint Chapter 11 Plan* [Docket No. 1076] (the "BMC Declaration"), filed on October 16, 2014; and the Disclosure Statement, the Plan, and each of the other foregoing documents filed in connection therewith having been distributed or made available to holders of Claims and Interests and other parties in interest in accordance with the

---

[2] The Debtors in these Chapter 11 Cases are NNN 3500 Maple 1, LLC, NNN 3500 Maple 2, LLC, NNN 3500 Maple 3, LLC, NNN 3500 Maple 4, LLC, NNN 3500 Maple 5, LLC, NNN 3500 Maple 6, LLC, NNN 3500 Maple 7, LLC, NNN 3500 Maple 10, LLC, NNN 3500 Maple 12, LLC, NNN 3500 Maple 13, LLC, NNN 3500 Maple 14, LLC, NNN 3500 Maple 15, LLC, NNN 3500 Maple 16, LLC, NNN 3500 Maple 17, LLC, NNN 3500 Maple 18, LLC, NNN 3500 Maple 20, LLC, NNN 3500 Maple 22, LLC, NNN 3500 Maple 23, LLC, NNN 3500 Maple 24, LLC, NNN 3500 Maple 26, LLC, NNN 3500 Maple 27, LLC, NNN 3500 Maple 28, LLC, NNN 3500 Maple 29, LLC, NNN 3500 Maple 30, LLC, NNN 3500 Maple 31, LLC, NNN 3500 Maple 32, LLC, and NNN 3500 Maple 34, LLC.

Disclosure Statement Order and the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"); and such notice being sufficient under the circumstances and no other or further notice being required; and any objections to the Plan (the "Objections"), including the Limited Opposition to Confirmation of Debtors' Joint Plan filed by CWCAM[3] [Docket No. 1071] (the "CWCAM Limited Objection") having been withdrawn, resolved, and/or overruled by this Court pursuant to this Confirmation Order; and the Confirmation Hearing having been held on October 21, 2014; and good and sufficient notice of the Confirmation Hearing having been given; and upon the entire record of these Chapter 11 Cases, the record of the Confirmation Hearing, and all evidence adduced thereat, all of which are incorporated herein by reference; and the Court having determined, based upon all of the foregoing, that the Plan should be confirmed; and after due deliberation and good cause appearing therefor,[4]

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    Findings and Conclusions.  The findings and conclusions set forth herein and in the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions

---

[3] U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23, by and through CWCapital Asset Management LLC (defined herein as "CWCAM").

[4] For purposes of this Confirmation Order, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate pursuant to Federal Rule of Bankruptcy Procedure 7052.

NYC:293315.5

of law, they are adopted as such. To the extent any of the following conclusions of law constitute

findings of fact, they are adopted as such.

      B.     <u>Chapter 11 Petitions</u>.  On November 30, 2012 (the "<u>Original Petition Date</u>"), the

Original Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in

the United States Bankruptcy Court for the Central District of California (the "<u>California</u>

<u>Bankruptcy Court</u>").  On January 23, 2013, the Original Debtor's bankruptcy case was

transferred by the California Bankruptcy Court to this Court. On August 29, 2013 (the

"<u>Subsequent Petition Date</u>"), each of the New Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code in this Court.  The Debtors cases are being jointly

administered in accordance with the terms of the *Order Pursuant to Rule 1015(b) of the Federal

Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1 Directing Joint

Administration of Cases* [Docket No. 212]. The Debtors have been operating their businesses and

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee, examiner or committee has been appointed in these Chapter 11

Cases.

      C.     <u>Jurisdiction, Venue, Core Proceeding</u>.  The Court has jurisdiction over the

Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core

proceeding pursuant to 28 U.S.C. § 157(b) and the Court has jurisdiction to enter a final Order

with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      D.     <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of these Chapter 11

Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other

documents filed, all Orders entered, all hearing transcripts and all evidence and arguments made,

NYC:293315.5

proffered, or adduced at the hearings held before this Court during these Chapter 11 Cases, including, without limitation, the Confirmation Hearing.

      E.    <u>Solicitation and Notice</u>.  On August 29, 2014, this Court entered the Disclosure Statement Order, pursuant to which this Court, among other things, (i) approved the Disclosure Statement as having "adequate information" under section 1125 of the Bankruptcy Code, (ii) established October 21, 2014 as the date of the Confirmation Hearing, (iii) approved the form and method of the Confirmation Hearing Notice, (iv) established and approved procedures for soliciting and tabulating votes with respect to the Plan, (v) established October 10, 2014 at 5:00 p.m. (prevailing Central Time) as the Plan Objection Deadline, and (vi) established October 10, 2014 at 5:00 p.m. (prevailing Central Time) as the Voting Deadline.  The Disclosure Statement, the Plan, the Disclosure Statement Order, the Ballots, the Confirmation Hearing Notice, and the Notices of Non-Voting Status (each, as defined in the Disclosure Statement Order and, collectively, the "<u>Solicitation Materials</u>") were filed and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order, as applicable.  The service of the Solicitation Materials was adequate and sufficient under the circumstances of these Chapter 11 Cases, and adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order, as applicable.

      F.    <u>Voting</u>.  Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order.

G. <u>Burden of Proof</u>. The Debtors, as proponents of the Plan, have met their burden of proving the elements of section 1129 of the Bankruptcy Code.

H. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtors as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

I. <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. In addition to Administrative Expense Claims, Administrative Expense Claims held by Professionals, and Priority Tax Claims, which need not be classified, the Plan designates seven (7) classes of Claims and Interests. As required by section 1122(a) of the Bankruptcy Code, the Claims or Interests in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for classifying the various Classes of Claims and Interests as provided in the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii. <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Articles II and IV of the Plan specify that Claims in Classes 1A-AA through 6A-AA are Unimpaired under the Plan. Thus, the requirements of section 1123(a)(2) of the Bankruptcy Code are satisfied.

iii. <u>Specify Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles II and IV of the Plan specify that Interests in Classes 7A-AA are Impaired and provide for the treatment of such Interests in such Classes. Thus, the requirements of section 1123(a)(3) of the Bankruptcy Code are satisfied.

NYC:293315.5

iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides the same treatment by the Debtors for each Claim and Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  Thus, the requirements of section 1123(a)(4) of the Bankruptcy Code are satisfied.

v.    <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for the Plan's implementation, including, without limitation: (a) the payment of Claims out of Surplus and (b) the rejection of all executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected by the Debtors, that has not previously expired or terminated pursuant to its own terms, or that is not the subject of a motion filed by the Debtors to assume, assume and assign, or reject on or before the Confirmation Date.  Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

vi.    <u>Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))</u>.  As contemplated by section 1123(b)(1) of the Bankruptcy Code, Classes 1A-AA through 6A-AA are Unimpaired under the Plan.  Classes 7A-AA are Impaired under the Plan.  The Plan complies with section 1123(b)(1) of the Bankruptcy Code.

vii.    <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>.  Article IX of the Plan provides for the rejection of executory contracts and unexpired leases of the Debtors as of the Effective Date, except for any executory contract or unexpired lease that (a) has been assumed, assumed and assigned, or rejected pursuant to an order of the Court entered on or before the Effective Date, (b) previously expired or terminated pursuant to its own terms, or (c) is subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date.  By virtue of the Foreclosure Sale, the Trust foreclosed on the non-residential real property leases (the "<u>Tenant Leases</u>") with the

7

tenants listed on <u>Exhibit "A"</u> hereto. Pursuant to a settlement with the TICs, the Purchaser has agreed to honor the security deposits of the current tenants of the Property in accordance with the terms and conditions of the tenants' respective leases. The TICs have no further obligations relating to such leases, including claims by such tenants for security deposits or rejection claims; <u>provided</u>, <u>however</u>, that the TICs shall remain responsible for any claims, whether ultimately allowed or disallowed, for return of a security deposit for any tenant that properly terminated, or provided notice of such termination of, its lease pursuant to the terms thereof prior to May 6, 2014. The Tenant Leases are neither being assumed nor rejected under the Plan. The Plan complies with section 1123(b)(2) of the Bankruptcy Code.

        viii.      <u>Releases, Exculpations, and Injunctions</u>. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b) to approve the releases, injunctions, and exculpation provisions set forth in Articles XII and XIV of the Plan. Based upon the record of these Chapter 11 Cases and the evidence submitted, adduced, or presented at or prior to or in connection with, the Confirmation Hearing, the releases, injunctions, and exculpations set forth in Articles XII and XIV of the Plan are consistent with and allowable under the Bankruptcy Code. All releases, exculpations, and injunctions embodied in the Plan are an integral part of the Plan. The releases, exculpations, and injunctions set forth in the Plan are fair, equitable, reasonable, and in the best interests of the Debtors, the Estates, and Holders of Claims against the Debtors and Interests in the Property.

        ix.      <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, (a) distributions to holders of Claims and Interests (as applicable), (b) resolution of Disputed Claims, (c) allowance of certain Claims, (d)

NYC:293315.5

releases by holders of Claims and Interests, and (e) exculpations of certain parties. The Plan complies with the provisions of section 1123(b)(6) of the Bankruptcy Code.

J. <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

K. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtors have proposed the Plan (including the Plan Supplement and all other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate an equitable liquidation of the Debtors' assets. The Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the successful liquidation of the Debtors' assets.

L. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter

11 Cases, have been approved by, or are subject to approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

M. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

N. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. Classes 7A-AA are impaired under the Plan. Classes 7A-AA voted to accept the Plan. In addition, the analysis of a hypothetical chapter 7 liquidation provided in the Disclosure Statement (i) is credible, (ii) has not been controverted by other evidence, (iii) is based on reasonable and sound assumptions, and (iv) provides a reasonable estimate that distributions to Holders of Interests in Classes 7A-AA would be significantly reduced upon conversion to a case under chapter 7 of the Bankruptcy Code. Each holder of an Interest in Classes 7A-AA will receive or retain under the Plan on account of its Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the applicable Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies the "best interests of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

O. <u>Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Classes 1A-AA through 6A-AA are unimpaired by the Plan and holders of Claims in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 7A-AA are impaired by the Plan. Classes 7A-AA have voted to accept the Plan in accordance with section 1126(c). Section 1129(a)(8) of the Bankruptcy Code has, therefore, been satisfied with respect to Classes 1A-AA through 7A-AA. Holders of

Interests in Classes 7A-AA shall be entitled to receive, in full satisfaction, discharge, exchange, and release of such Interest, a Cash payment equal to the product of such TIC's original ownership percentage in the Property multiplied by the Surplus.

P.      Treatment of Administrative Claims, Fee Claims, and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Allowed Administrative Claims, Administrative Expense Claims held by Professionals, and Priority Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

Q.      Feasibility (11 U.S.C. § 1129(a)(11)).  The evidence proffered or adduced at the Confirmation Hearing is credible, has not been controverted by other evidence, and establishes that the plan is feasible and that there is a reasonable prospect of the Debtors being able to meet their financial obligations under the Plan, and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors. The Plan therefore satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

R.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been or will be paid by the Debtors on the Effective Date, or as soon thereafter as reasonably practicable,  pursuant to section 14.10 of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

S.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors do not pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code and section 1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

T.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

11

Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

U.     Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

V.     No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  The Debtors are each moneyed, business, or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

W.     Only One Plan (11 U.S.C. § 1129(c)).  The Plan is the only plan for which confirmation is sought in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code has been satisfied.

X.     Principal Purpose of the Plan ( 11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

Y.     Not Small Business Cases (11 U.S.C. § 1129(e)).  These Chapter 11 Cases are not small business cases and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Z.     Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the Court in these Chapter 11 Cases, the Debtors and their officers, directors, employees, advisors, Professionals, and agents, and all other persons involved in the solicitation process, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local

12

Rules in connection with all of their respective activities arising out of, relating to or connected with the administration of the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan and the property to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

AA.     Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).   The Debtors have exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases pursuant to Article IX of the Plan.  Each assumption or rejection of an executory contract or unexpired lease as provided in section 9.1 of the Plan shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

BB.     Plan Implementation.

i.      The terms of the Plan including, without limitation, all other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications of any of the foregoing (collectively, the "Plan Documents") are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

ii.     The Plan and the Plan Documents have been negotiated in good faith and at arms' length and shall, on and after the Effective Date, constitute legal, valid, binding and

NYC:293315.5

authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

iii.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Court contemplated by this Confirmation order, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtors and each of their officers, directors, employees, advisors, Professionals, and agents will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby or by the Plan Documents and (ii) take any actions authorized and directed by this Confirmation Order.

CC.     <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

DD.     <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and/or section 1142 of the Bankruptcy Code.

EE.     <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan, or which might have been raised, and the objections to confirmation have been resolved, fully and fairly litigated and/or overruled.

Based upon the foregoing findings, and upon the record made before this Court at the Confirmation Hearing, and good and sufficient cause appearing therefor,

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Confirmation</u>. The Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed under section 1129 of the Bankruptcy Code. The actions and agreements contemplated by the Plan, including, without limitation, the Plan Documents, and the

NYC:293315.5

execution, delivery, and performance thereof by the Debtors (and their representatives) are authorized and approved as finalized, executed, and delivered. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order, except to the extent modified by this Order. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules relating to and regarding confirmation.

2.      <u>Solicitation and Notice</u>.  Notice of the Confirmation Hearing and the solicitation of votes on the Plan (i) complied with the terms of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and (ii) were appropriate, satisfactory and sufficient based upon the circumstances of the Debtors' Chapter 11 Cases.

3.      <u>Objections</u>.  All objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein or addressed by this Confirmation Order or any future Order of the Court contemplated by this Confirmation Order, including the CWCAM Limited Objection, are overruled.

4.      <u>Binding Effect</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against the Debtors or Interest in the Property and such holder's respective successors and assigns, whether or not such Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

5.      <u>Non-Substantive Consolidation</u>.  On the Effective Date, the Debtors' Estates shall not be deemed to be substantively consolidated.

NYC:293315.5

6.      <u>Continued Corporate Existence</u>.  Subject to the transactions contemplated by the Plan, and except as provided in the Plan, each Debtor shall continue to exist after the

7.      as a separate legal entity, with all the powers afforded to it under applicable law in the jurisdiction in which such Debtor is organized, without prejudice to any right to terminate such existence (whether by merger or otherwise) under applicable law after the Effective Date.

8.      <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>.  As of the Effective Date, all Assets of each Debtor's Estate shall vest in such Debtor.  The vesting, on the Effective Date, of Assets of each Debtor's Estate in such Debtor does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

9.      <u>Cancellation of Claims and Interests</u>.  On the Effective Date, the Plan shall be consummated in accordance with the provisions set forth therein and, upon the effectiveness of such transactions on the Effective Date and the satisfaction of their obligations with respect to such Claims and Interests set forth in the Plan and Confirmation Order, the Debtors shall not have any continuing obligations therefor.

10.     <u>Releases of Liens</u>.  Except as otherwise provided in the Plan or this Confirmation Order, upon the Effective Date and satisfaction of each respective obligation, any corresponding Lien, mortgage, deed of trust and other security interest against the Assets of any Debtor shall be deemed cancelled, terminated, released, discharged and extinguished and all right, title, and interest of any holder of such Lien, mortgage, deed of trust, financing statement and other security interest, including any rights to any collateral thereunder, shall revert to the applicable Debtor and its successors and assigns.  The Debtors or their designees are authorized to make such filings or releases as necessary to effectuate the provisions of this paragraph.

11.    <u>Retained Assets</u>.  To the extent that the succession to any Assets of a Debtor's Estate by a post-Confirmation Debtor pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property to the Debtors (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Debtors, with good title to such property, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

12.    <u>Notice of Confirmation Date and Effective Date</u>.

(a)    <u>Notice of Entry of Confirmation Order</u>.  Within seven (7) Business Days after the Confirmation Date, the Debtors shall mail to all parties in interest in these Chapter 11 Cases notice of (i) the entry of this Confirmation Order and (ii) the last date to file (A) requests for payment of Administrative Expense Claims pursuant to section 3.1 of the Plan and Administrative Expense Claims of Professionals pursuant to section 3.2 of the Plan, and (B) Claims arising from the rejection of any executory contracts and unexpired leases pursuant to section 9.3 of the Plan.

(b)    <u>Notice of Effective Date</u>.  Within seven (7) Business Days after the, the Debtors shall file with this Court and mail to all parties in interest in these Chapter 11 Cases notice of the occurrence of the Effective Date.

13.    <u>Administrative Expense Claims</u>.

(a)    <u>Filing</u>.  All Holders of Administrative Expense Claims (other than Professionals and U.S. Trustee Fees) which were not required to be filed prior to the

NYC:293315.5

Administrative Expense Claim Initial Bar Date, including, for the avoidance of doubt: (i) all claims for fees payable to the Clerk of the United States Bankruptcy Court for the Northern District of Texas; (ii) all Administrative Expense Claims that arise on or after May 31, 2014; and (iii) any claim by a governmental unit for a tax or penalty described in section 503(b)(l)(B) and (C) of the Bankruptcy Code (as provided for in section 503(b)(1)(D) of the Bankruptcy Code), must file with the Bankruptcy Court a request for payment of such Claims on or before the Administrative Expense Claim Subsequent Bar Date. Any such request shall be served on the Reorganized Debtors and their counsel and shall, at a minimum, set forth (i) the name of the holder of the Administrative Expense Claim, (ii) the amount of the Administrative Expense Claim, and (iii) the basis for the Administrative Expense Claim. Should the holder of an Administrative Expense Claim fail to file any such request in a timely fashion, such holder shall be forever barred from asserting such Administrative Expense Claim against the Debtors or the Reorganized Debtors.

(b)     Allowance. A Claim for an Administrative Expense that arose after May 31, 2014, for which a proper notice was filed and served under subsection (a) above, shall become an Allowed Administrative Expense if no objection to such Claim is filed prior the Objection Deadline. If a timely objection is filed, the Claim shall become an Allowed Administrative Expense only to the extent allowed by a Final Order.

(c)     Payment. Except to the extent that a holder of an Allowed Administrative Expense Claim requests a different treatment of such Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim (other than a Fee Claim, a Cash Collateral Order Claim or U.S. Trustee Fees) shall receive, on account of and in full satisfaction of such Administrative Expense Claim, Cash in an amount equal to the Allowed

amount of such Administrative Expense Claim on the later of (i) the Effective Date or (ii) if the Administrative Expense Claim is not Allowed as of the Effective Date, no later than fifteen (15) days after entry of an order by the Court allowing such Administrative Expense Claim, or, in either case, as soon as reasonably practicable thereafter.

14.     <u>Professional Fees and Expenses</u>.  Every Professional holding an Administrative Expense Claim that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the date that is sixty (60) days after the Effective Date.  Except upon further order of the Bankruptcy Court, an Administrative Expense Claim by a Professional shall be determined and allowed as appropriate by the Bankruptcy Court in accordance with the Bankruptcy Code and Bankruptcy Rules.  Professional fees and expenses incurred by any Professional on or after the Effective Date may be paid without necessity of application to or order by the Court.

15.     <u>Distributions</u>.  Distributions under the Plan shall be made by the Disbursing Agent.  Distributions and deliveries to be made under the Plan shall be made on the Effective Date or as soon as practicable thereafter.

16.     <u>Distribution Record Date</u>.  Holders of Allowed Claims or Interests who are entitled to a distribution under the Plan are Holders of such Claims or Interests on the Distribution Record Date.  Following the Distribution Record Date, the Debtors or the Disbursing Agent shall have no obligation to recognize any transfer of any Claim or Interest occurring after the Distribution Record Date, and shall be entitled to recognize for all purposes hereunder, including to effect distributions hereunder, only those record Holders stated on the

transfer ledgers or registers maintained by the Debtors and the Disbursing Agent as of the close of business on the Distribution Record Date.

17. <u>Unclaimed Distributions</u>. If any distribution is returned as undeliverable, no further distribution shall be made on account of such Allowed Claim unless and until the Debtors are notified of such Holder's then current address, at which time all missed distributions shall be made to the Holder of such Allowed Claim. All claims for undeliverable distributions shall be made on or before ninety (90) days after the attempted distribution. After such date, all Unclaimed Property shall revert to the Debtors for distribution as Surplus under the Plan by the Disbursing Agent to the Holders of TIC Interests, and the Claim of any Holder with respect to such property shall be forever barred.

18. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.

(a) <u>General</u>. Pursuant to section 9.1 of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each Debtor is hereby deemed to have rejected each executory contract and unexpired lease to which it is a party, unless such contract or lease (i) was previously assumed, assumed and assigned or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, or (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date. This Confirmation Order shall constitute approval, pursuant to sections 365(a) and 1123(b) of the Bankruptcy Code, of rejection of executory contracts and unexpired leases as described above upon the occurrence of the Effective Date. Such rejection shall be legal, valid, and binding upon the applicable Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section

NYC:293315.5

365(d)(4).  Notwithstanding the foregoing, by virtue of the Foreclosure Sale, the Trust foreclosed on the non-residential real property leases (the "Tenant Leases") with the tenants listed on Exhibit "A" hereto. Pursuant to a settlement with the TICs, the Purchaser has agreed to honor the security deposits of the current tenants of the Property in accordance with the terms and conditions of the tenants' respective leases. The TICs have no further obligations relating to such leases, including claims by such tenants for security deposits or rejection claims; provided, however, that the TICs shall remain responsible for any claims, whether ultimately allowed or disallowed, for return of a security deposit for any tenant that properly terminated, or provided notice of such termination of, its lease pursuant to the terms thereof prior to May 6, 2014.  The Tenant Leases are neither being assumed nor rejected under the Plan.   The Plan complies with section 1123(b)(2) of the Bankruptcy Code.

(b)      Bar Date for Rejection Damage Claims.   Any Rejection Claim based on the rejection of an executory contract or an unexpired lease shall be forever barred and shall not be enforceable against the Debtors or the Assets, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors by the earlier of the Rejection Claims Bar Date or entry of the Final Order approving rejection of such contract or lease.

(c)      Rejection Claims.   Any Rejection Claim not barred by paragraph 9.3 of the Plan shall be classified as a Class 6A-AA Unsecured (General) Claim subject to the provisions of section 502(g) of the Bankruptcy Code; provided, however, that any Rejection Claim based upon the rejection of an unexpired lease of real property, either prior to the Confirmation Date or upon the entry of the Confirmation Order, shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements.  Nothing contained herein shall be deemed an admission by the Debtors that such rejection gives rise to or

results in a Claim or shall be deemed a waiver by the Debtors of any objections to such Claim if asserted.

19. <u>General Authorization</u>. All actions contemplated by the Plan will be deemed authorized and approved in all respects. All matters and transactions provided for in the Plan, and any corporate action required by the Debtors under the Plan will be deemed to have occurred and will be in effect, without any requirement of further action by the members, managers, or officers of the Debtors. On or (as applicable) prior to the Effective Date, the appropriate officers or managers of the Debtors will be authorized and directed to issue, execute and deliver any agreement, document, or instrument contemplated by the Plan (or necessary or desirable to effect the transactions contemplated by the Plan). Such authorizations and approvals will be effective notwithstanding any requirements under non-bankruptcy law.

20. <u>Payment of Statutory Fees</u>. All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on or before the Effective Date, or as soon thereafter as reasonably practicable, and thereafter as such statutory fees become due.

21. <u>Governmental Approvals Not Required.</u> This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Plan Documents, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

22. <u>Filing and Recording</u>. This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims against the Debtors and Interests in the

NYC:293315.5

Property existing prior to such date have been unconditionally satisfied,  as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan Documents and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

23.    <u>Discharge of the Debtors</u>.   Pursuant to section 1141(d)(3) of the Bankruptcy Code, Confirmation will not discharge Claims against or Interests in the Debtors; <u>provided</u>, <u>however</u>, that no Holder of a Claim or Interest may, on account of such Claim or Interest, seek or receive any payment other than distribution from, or seek recourse against, any Debtor except as expressly provided in the Plan, and the automatic stay under section 362(a) of the Bankruptcy Code shall remain in effect until all Assets have been fully administered and the Debtors' chapter 11 cases are closed.

24.    <u>Exculpation</u>.   Pursuant to section 14.8 of the Plan, no agent, representative, accountant, financial advisor, attorney, shareholder, officer, affiliate, member or employee of the Debtors shall ever have any liability to any Person (including any Creditor) other than the Debtors, as applicable, for any act, omission, or event in connection with, or arising out of, or

relating to, any of the following: (a) the bankruptcy cases, including all matters or actions in connection with or relating to the administration of the estate, (b) the Plan, including the proposal, negotiation, confirmation and consummation of the Plan, or (c) the administration of the Plan on a post-confirmation basis. Notwithstanding anything contained in this paragraph, this exculpation provision shall not extend to any act, omission, or event that is the result of willful misconduct or gross negligence. Additionally, with regard to attorneys, accountants, and financial advisors, the exculpatory language set forth in this paragraph extends only to the extent allowed by the applicable ethical standards governing such professionals.

25.  Causes of Action against Claimants.  Pursuant to Section 10.2, the Debtors shall retain all claims, causes of action, defenses, and offsets as against all Claimants.  Nothing in the Plan shall waive or impair any such claim, cause of action, defense or offset.  Claims by the Debtors against Creditors filing Claims in these cases shall constitute core proceedings.

26.  Injunction.  Pursuant to Section 12.2 of the Plan, from and after the Effective Date, all Holders of Claims shall be and are hereby permanently restrained and enjoined from: (a) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtors or the Assets; (b) enforcing, attaching, collecting, or recovering on account of any Claim by any manner or means, any judgment, award, decree, or order against the Debtors or the Assets except pursuant to and in accordance with the Plan; (c) creating, perfecting, or enforcing any encumbrance of any kind against either the Debtors or the Assets; (d) asserting any control over, interest, rights or title in or to any of the Assets except as provided in the Plan; (e) asserting any setoff, or recoupment of any kind against any obligation due the Debtors except upon leave of the Bankruptcy Court; and (f) performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the

NYC:293315.5

Plan; provided, however, that this injunction shall not bar any Creditor from asserting any right granted pursuant to the Plan; provided further, however, that each Holder of a Contested Claim shall be entitled to enforce its rights under the Plan, including seeking Allowance of such Contested Claim pursuant to the Plan.

27.     Automatic Stay.  The automatic stay pursuant to section 362 of the Bankruptcy Code, except as previously modified by the Bankruptcy Court, shall remain in effect until the Effective Date of the Plan as to the Debtors and all Assets until all Assets have been fully administered and the Debtors' chapter 11 cases are closed.

28.     Modification of the Plan.  After the Confirmation Date, the Debtors may correct any non-material defect, omission, or inconsistency in the Plan in such manner and to such extent as may be necessary or desirable.  The Debtors may undertake such nonmaterial modification pursuant to this paragraph insofar as it does not adversely change the treatment of the Claim of any Creditor or the Interest of any Interest Holder who has not accepted in writing the modification.  The Plan may be modified at any time after confirmation and before its Substantial Consummation, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, and the circumstances warrant such modification.  A Holder of a Claim or Interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such Holder changes its previous acceptance or rejection.

NYC:293315.5

29.     <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article XI of the Plan have been satisfied or waived pursuant to section 11.1 of the Plan.

30.     <u>Authorization to Consummate Plan</u>.  Notwithstanding Bankruptcy Rule 3020(e), but subject to Article XI of the Plan, the Debtors are authorized to consummate the Plan upon entry of this Confirmation Order.  The Debtors are authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, Uniform Commercial Code financing statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, and all other agreements related thereto.

31.     <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

32.     <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Court may properly retain, and if appropriate, shall exercise jurisdiction over, the matters set forth in Article XIII of the Plan and section 1142 of the Bankruptcy Code.

33.     <u>Ordinary Course</u>.  From and after the Confirmation Date, the Debtors are authorized to and may enter into all transactions including, but not limited to, the retention of professionals, and pay and fees and expenses incurred thereby and in connection therewith, in the ordinary course of business, without the need for Court approval.  Moreover, from and after the Confirmation Date, the Debtors are authorized to, and may enter into, all transactions necessary or appropriate to implement the Plan, including, but not limited to, the payment of any fees, expenses or indemnification obligations incurred thereby and in connection therewith, which

NYC:293315.5

shall be entitled to administrative priority and which shall be binding on the Debtors without the need for Court approval.

34.    <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Texas without giving effect to the principles of conflict of laws that would require application of the laws of another jurisdiction.

35.    <u>Severability</u>.  Should the Bankruptcy Court determine that any provision of the Plan is unenforceable either on its face or as applied to any Claim or Interest or transaction, the Debtors may modify the Plan in accordance with paragraph 13.3 and 13.4 of the Plan so that such provision shall not be applicable to the Holder of any Claim or Interest.  Such a determination of unenforceability shall not (a) limit or affect the enforceability and operative effect of any other provision of the Plan or (b) require the resolicitation of any acceptance or rejection of the Plan.

36.    <u>Construction</u>.  The Plan shall control over any inconsistent term of the Disclosure Statement.  The Confirmation Order shall control over any inconsistent provision of the Plan.

37.    <u>Immediate Effect of Order</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(g), 6006(d), 7062 or otherwise, the Confirmation Order shall take effect on the date hereof.

# # # END OF ORDER # # #

NYC:293315.5

**ORDER SUBMITTED BY:**

**ANDREWS KURTH LLP**

By: /s/ Michelle V. Larson

    Michelle V. Larson
    State Bar No. 00796928
    Jeremy B. Reckmeyer (admitted *pro hac vice*)
    ANDREWS KURTH LLP
    1717 Main Street, Suite 3700
    Dallas, Texas 75201
    Telephone: (214) 659-4400
    Facsimile: (214) 659-4401
    michellelarson@andrewskurth.com
    *Counsel for the Debtors*

<u>**EXHIBIT "A"**</u>

<u>3500 Maple List of Tenants</u>

Accenture
Airband Comunications
Arcadia Realty
Barrett Bright Lassiter
Calyx Software
Cypress Wealth Management
Heritage Capital Corporation
Katz Communications, Inc.
Maple Deli
New York Times
Pablo Alvarado, PC
Rose Walker, LLP
RR Donnelley & Sons
SBC Communications
Skytel Corporation
Taber Estes Thorne & Carr (now Estes Okon)
Texas de Brazil
Thompson Private Advisors
Triumph Savings Bank
Westlake Securities
XO Communications-Access Agreements

NYC:293315.5